# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHIPYARD SERVICE, L.L.C.** | * | **CIVIL ACTION NO.  17-6366** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **MITSUI SUMITOMO INSURANCE** | * | **JUDGE:** |
| **USA, INC.** | * | |
| | * | **MAGISTRATE:** |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

## COMPLAINT

Plaintiff, Sʜɪᴘʏᴀʀᴅ Sᴇʀᴠɪᴄᴇ, L.L.C. ("Shipyard"), submits this Complaint and, upon information and belief, avers as follows:

## PARTIES

### 1.

Plaintiff, Shipyard, is a Louisiana limited liability company, maintaining its registered office in the Parish of Plaquemines.

### 2.

Defendant, Mɪᴛsᴜɪ Sᴜᴍɪᴛᴏᴍᴏ Iɴsᴜʀᴀɴᴄᴇ USA, Iɴᴄ. ("Mitsui"), is an insurance company formed under New York law with its principle place of business in New York. Mitsui is licensed to and does conduct business in Louisiana.

## JURISDICTION AND VENUE

### 3.

The Court has original jurisdiction over this suit under Title 28 U.S.C. § 1332, in that it is a civil action where there is complete diversity of citizenship as to all parties and the amount in controversy exceeds $75,000, exclusive of interests or costs.

4.

Venue is proper in this district court pursuant to Title 28 U.S.C. § 1391(b).

**FACTUAL BACKGROUND**

5.

On or about January 15, 2017, the vessel M/V MISS WYNTER, struck a submerged object while operating near Pilot Town in Venice, Louisiana. The accident caused significant damage to the vessel.

6.

At all times pertinent hereto, the M/V MISS WYNTER was owned by Abe's Boat Rentals, Inc. ("ABR").

7.

On or about January 16, 2017, pursuant to that certain SHIPYARD SERVICE, LLC VESSEL REPAIR AGREEMENT (the "Repair Agreement"), ABR hired Shipyard to repair the damage suffered by the M/V MISS WYNTER as a result of the accident described above. A copy of the Repair Agreement is attached hereto as ***Exhibit A.***

8.

Shipyard repaired the M/V MISS WYNTER and issued an invoice to ABR on February 20, 2017 for the repairs. The cost of the repairs totaled $192,400. A copy of the invoice and the supporting labor and equipment reports are attached hereto, *in globo*, as ***Exhibit B.***

9.

At all times pertinent hereto, ABR had in place a policy of insurance issued by Mitsui and identified with Policy No. OHM4510001 (the "Policy").

10.

The insuring conditions of the Policy afford ABR with coverage for the damages sustained by the M/V MISS WYNTER and for the corresponding repairs made thereto by Shipyard.

11.

On January 30, 2017, ABR and Shipyard entered into that certain ASSIGNMENT/AUTHORIZATION FOR DIRECT PAYMENT ("Assignment").  A copy of the Assignment is attached hereto as *Exhibit C*.

12.

Pursuant to the Assignment, ABR assigned its rights to the insurance Policy proceeds payable by Mitsui on account of the accident and the resulting damages to the M/V MISS WYNTER, in an amount up to Shipyard's repair invoices.  In addition, or alternatively, ABR also authorized and directed Mitsui to pay Shipyard directly for the vessel repairs.

13.

Upon information and belief, at all times pertinent hereto, Whitney Bank held a preferred ship mortgage on the M/V MISS WYNTER and was named as a loss payee on the Policy.

14.

Pursuant to that certain AGEEMENT BY AND BETWEEN SHIPYARD SERVICE, L.L.C. AND WHITNEY BANK ("Release"), Whitney Bank released its rights, as a loss payee, to the insurance proceeds in favor of Shipyard, for its repair of the M/V MISS WYNTER as a result of the accident. Whitney Bank also authorized Mitsui to pay Shipyard directly for its repair of the M/V MISS WYNTER.  A copy of the Release is attached hereto as *Exhibit D.*

15.

Pursuant to the Assignment and the Release, Shipyard "stands in the shoes" of ABR and Whitney Bank, as insured and loss payee under the Policy.

16.

Shipyard provided Mitsui with copies of the documents attached to this Petition and repeatedly requested Mitsui pay for the repairs performed by Shipyard on the M/V MISS WYNTER.

17.

Mitsui agreed to pay at least $100,000 of the repairs performed by Shipyard and requested ABR and Shipyard submit a Hull Proof of Loss form provided by Mitsui for same.

18.

Shipyard and ABR executed the Hull Proof of Loss form and submitted same to Mitsui on April 17, 2017 ("First Proof of Loss"). The First Proof of Loss was submitted without waiving Shipyard's right to payment of the full amount of the repairs it performed on the M/V MISS WYNTER.  A copy of the First Proof of Loss, together with the cover letter enclosing same to Mitsui, are attached hereto *in globo*, as ***Exhibit E***.

19.

On April 21, 2017, Mitsui paid Shipyard $100,000 as partial payment for its repair of the M/V MISS WYNTER.

20.

Shipyard continued to request Mitsui pay the remaining amount of the repairs, $92,400, and on May 8, 2017, Shipyard and ABR executed a Partial Proof of Loss Affidavit to recover same ("Second Proof of Loss"); the Second Proof of Loss was transmitted to Mitsui on May 19, 2017.  A copy of the Second Proof of Loss, together with the cover letter enclosing same to Mitsui, are attached hereto *in globo*, as **Exhibit F**.[1]

21.

As of the date of this Petition, Mitsui has not paid Shipyard the remaining $92,400.

**CAUSES OF ACTION AND DAMAGES**

22.

Mitsui's failure to pay the full amount of the repairs is a breach of the Policy, and Mitsui is liable to Shipyard for specific performance and/or for the damages caused by Mitsui's breach.

23.

More than sixty days have passed since Shipyard submitted its First Proof of Loss and more than thirty days have passed since Shipyard submitted its Second Proof of Loss. Mitsui's failure to pay the full amount of the repairs is arbitrary, capricious, and/or without probable cause, entitling Shipyard to the damages/penalties provided for in Louisiana Revised Statutes 22:1892 and 22:1973.

WHEREFORE, Plaintiff, Shipyard Service, L.L.C., prays that Defendant, Mitsui Sumitomo Insurance USA, Inc., be duly served with Summons and a true copy of the Complaint and that, after due proceedings be had, there be judgment rendered herein in favor of Plaintiff and against Defendant, as follows:

---

[1] Exhibits A through E attached to this Complaint are copies of the same exhibits that are referenced in, and were attached to, the Second Proof of Loss. To prevent needles duplication, the exhibits that were attached to the Second Proof of Loss are not included as part of Exhibit F.

a.  Awarding Plaintiff any amounts and damages it may be entitled to in the premises, under the insurance Policy and under the law, as shown to be due and owing at trial, together with interest thereon and costs;

b.  Awarding Plaintiff damages from Defendant for breach of contract in an amount equal to the amounts covered by the Policy but which Defendant wrongfully refused or failed to pay, together with interest thereon from the date of the breach and/or from the date of judicial demand until paid; or, alternatively, ordering specific performance of the insurance Policy;

c.  Awarding Plaintiff the damages/penalties provided for in Louisiana Revised Statutes 22:1892 and 22:1973;

d.  Awarding Plaintiff the attorneys' fees and expenses it has incurred and may incur in the future;

e.  Awarding Plaintiff the court costs it has incurred and may incur in the future; and

f.  Awarding Plaintiff all other relief that is fair and equitable.

New Orleans, Louisiana, this 30th day of June 2017.

Respectfully submitted,

/s/ Seth E. Bagwell
Francis J. Lobrano (Bar No. 20662)
Seth E. Bagwell (Bar No. 33713)
**CARVER, DARDEN, KORETZKY, TESSIER, FINN, BLOSSMAN & AREAUX, L.L.C.**
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Telecopier: (504) 585-3801
lobrano@carverdarden.com
bagwell@carverdarden.com

Attorneys for Plaintiff, **SHIPYARD SERVICE, L.LC.**

4835-8631-7127, v. 1